UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVIN HARRIS, D99649,<br><br>Petitioner,<br><br>v.<br><br>THERESA CISNEROS, Warden,<br><br>Respondent. | Case No. 22-cv-00074-CRB  (PR)<br><br>**ORDER DISMISSING PETITION FOR A WRIT OF HABEAS CORPUS AND DENYING A CERTIFICATE OF APPEALABILITY**<br><br>(ECF No. 2) |

Petitioner, a state prisoner currently incarcerated at the Substance Abuse Treatment Facility and State Prison, Corcoran (SATF-CSP, Corcoran), has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging the California state courts' denial of his petitions for resentencing pursuant to California Penal Code § 1170.95 and for relief pursuant to the California Racial Justice Act, Cal. Penal Code § 745 (CRJA). Petitioner also appears to raise new and/or successive claims challenging his underlying 1988 conviction and life-without-the-possibility-of-parole sentence from Contra Costa County Superior Court.[1]

### BACKGROUND

On October 6, 1988, petitioner was convicted by a jury of first-degree murder with robbery and kidnapping special circumstances, and of kidnapping for robbery. On November 3, 1988, he was sentenced to life in state prison without the possibility of parole. Petitioner unsuccessfully appealed his conviction and sentence the California Court of Appeal and the Supreme Court of California, and unsuccessfully sought collateral relief from the state courts. He also sought federal

---

[1] Petitioner filed two additional petitions for a writ of habeas corpus that appear to be copies of the instant petition: (1) Harris v. Cisneros, No. 22-cv-0073-CRB, and (2) Harris v. Cisneros, No. 22-cv-0075-CRB. But because the exhibits attached to the instant petition are more extensive than the exhibits attached to the two other petitions, the court will address petitioner's claims in connection with this petition, Harris v. Cisneros, No. 22-cv-0074-CRB.

habeas relief from this court, but his consolidated petitions for a writ of habeas corpus under 28 U.S.C. § 2254 were considered on the merits and dismissed with prejudice in October 1992. See Harris v. Lungren, No. 92-cv-2180-JPV (N.D. Cal. Oct. 16, 1992), and Harris v. USA, No. 92-cv-2181-JPV (N.D. Cal. Oct. 22, 1992).

Petitioner continued to file unsuccessful and often successive petitions in the state courts, and in this and other federal courts. More recently, he has sought relief under various new state law provisions. In April 2019, petitioner filed a state petition seeking resentencing pursuant to California Penal Code § 1170.95, which became effective on January 1, 2019. It was denied in reasoned decisions by the Contra Costa County Superior Court and by the California Court of Appeal. In June 2021, petitioner filed a state petition seeking relief pursuant to CRJA, which became effective on January 1, 2021. It was denied in a reasoned decision by the Contra Costa County Superior Court. Petitioner then filed a state petition in the Supreme Court of California which the high state court summarily denied on October 13, 2021.

Petitioner now seeks from this court a writ of habeas corpus under § 2254 invalidating the state courts' denials of his petition for resentencing pursuant to California Penal Code § 1170.95 and of his petition for relief pursuant to CRJA. He also appears to raise new and/or successive claims challenging his underlying 1988 conviction and sentence.

**DISCUSSION**

A. Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." Id. § 2243. The petition accordingly may be dismissed if it plainly appears from the face of the petition and any exhibits attached to it that the petitioner is not entitled to relief. Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

B. Claims

To the extent that petitioner raises new and/or successive claims challenging his

underlying 1988 conviction and sentence, the claims are DISMISSED without prejudice to filing a new petition if petitioner obtains from the United States Court of Appeals for the Ninth Circuit an order authorizing this court to consider the claims. See 28 U.S.C. § 2244(b)(3)(A); see also Chades v. Hill, 976 F.3d 1055, 1056-57 (9th Cir. 2020) (district court is "without power" to entertain second or successive petition unless petitioner first receives authorization from court of appeals). The court will entertain in connection with the instant petition only petitioner's two claims based on new state law provisions that petitioner could not have raised before his first consolidated federal petitions challenging his 1988 conviction and sentence were decided on the merits in October 1992: (1) California Penal Code § 1170.95 and (2) CRJA.

### 1. California Penal Code § 1170.95

California Senate Bill 1437, which became effective on January 1, 2019, amended California Penal Code sections 188 and 189 to restrict the circumstances under which a participant in an underlying offense may be found guilty of murder on a felony-murder or natural-and-probable-consequence theory. Section 1(f) of Senate Bill 1437 makes clear that murder liability should not be imposed under "the felony murder rule [or] the natural and probable consequences doctrine . . . on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." The bill created a statutory provision, California Penal Code § 1170.95, allowing sentencing courts to grant retroactive relief to criminal defendants convicted of murder who do not meet the newly restricted criteria.

Section 1170.95(a) provides:

> A person convicted of felony murder or murder under a natural and probable consequences theory may file a petition with the court that sentenced the petitioner to have the petitioner's murder conviction vacated and to be resentenced on any remaining counts when all of the following conditions apply:
>
> (1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine.
>
> (2) The petitioner was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at

3

> which the petitioner could be convicted of first degree or second degree murder.
>
> (3) The petitioner <u>could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019</u>.

Cal. Penal Code § 1170.95(a) (emphasis added).

The Contra Costa County Superior Court denied petitioner's petition for resentencing pursuant to § 1170.95 because petitioner had not met his burden of showing that he was entitled to relief under all of the requirements set forth in § 1170.95(a). In particular, petitioner "did not make 'a showing that he could not be convicted of first degree murder under the new law.'" <u>People v. Harris</u>, No. A158218, 2020 WL 3494349, at *4 (Cal. Ct. App. June 29, 2020) (quoting superior court decision). The superior court explained,

> In its verdicts, the jury expressly found true the special circumstances allegations that [petitioner] committed the murder during the commission of a robbery and a kidnapping. Based on the instructions given to the jury, the jury could find these allegations true only if they found unanimously beyond a reasonable doubt that [petitioner] intended to kill the victim or to aid and abet another in killing the victim. Based on the jury's findings, [petitioner] could be convicted today under the new Penal Code [section] 189[, subdivision] (e)(2), which makes a "participant in the perpetration . . . of a felony listed in subdivision (a) in which a death occurs [] liable for murder [] if . . . [t]he person with the intent to kill, aided, abetted . . . or [assisted] the actual killer in the commission of murder in the first degree."

<u>Id.</u> (sic in original). The California Court of Appeal affirmed the superior court's decision as "supported by the record and the law." <u>Id.</u> at *4. It added that petitioner "made no showing, let alone a prima facie showing, that he could not be convicted of first degree murder under the new laws established by Senate Bill No. 1437." <u>Id.</u>

Petitioner's claim that the California state courts' denial of his petition for resentencing pursuant to California Penal Code § 1170.95 somehow violated his federal rights is without merit. It is well established that federal courts must defer to the state courts' interpretation of state sentencing laws. See <u>Bueno v. Hallahan</u>, 988 F.2d 86, 88 (9th Cir. 1993). "Absent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief." <u>Christian v. Rhode</u>, 41 F.3d 461, 469 (9th Cir. 1994). A state court's misapplication of state sentencing law may violate due process only if a petitioner can demonstrate

4

both state sentencing error and that the error was "so arbitrary or capricious as to constitute an independent due process [violation]." Richmond v. Lewis, 506 U.S. 40, 50 (1992).

Here, the superior court and court of appeal found that petitioner was not eligible for resentencing under California Penal Code § 1170.95 because he did not satisfy one of the conditions for relief – that he could not be convicted of firs-degree murder because of the changes to California Penal Code § 189 made effective January 1, 2019.  The superior court noted that the jury's special circumstances finding that petitioner had committed the murder during the commission of a robbery and a kidnapping necessarily meant that the jury found that petitioner "intended to kill the victim or to aid and abet another in killing the victim" and that this suffices for a conviction under the new California Penal Code § 189(e)(2).  People v. Harris, 2020 WL 3494349, at *4 (quoting superior court decision).  The superior court's application of California sentencing law was neither erroneous nor "so arbitrary or capricious as to constitute an independent due process [violation]." Richmond, 506 U.S. at 50.  Section 189 now reads that "[a] participant in the perpetration or attempted perpetration of a felony listed in subsection (a) in which a death occurs is liable for murder" only if one of three conditions are proven.  Cal. Penal Code § 189(e).  The second listed condition is that "[t]he person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree." Id. § 189(e)(2).  And as the superior court noted, there was sufficient evidence in the record that petitioner, with the intent to kill, aided and abetted the actual killer in the commission of the murder.  Petitioner is not entitled to federal habeas relief on his challenge to the state courts' denial of his petition for resentencing under California Penal Code § 1170.95.  Accord Gomez v. Godwin, No. 20-cv-2393-DOC (JPR), 2021 WL 871984, at **1-2 (C.D. Cal. Mar. 8, 2021) (state court's denial of § 1170.95 resentencing petition did not deprive petitioner of due process because evidence in record showed that petitioner "had the intent to kill necessary for direct aiding and abetting"); Blachard v. Pollard, No. 20-cv-7057-CRB (PR), 2020 WL 8484690, at *3 (N.D. Cal. Dec. 11, 2020) (state court's determination that petitioner was not eligible for § 1170.95 resentencing because evidence in record showed that he was actual killer in his case was not arbitrary or capricious and therefore

did not deprive petitioner of due process); Esparza v. Lizarraga, No. 17-cv-03168-AB (MAA), 2019 WL 5589040, at *3 (C.D. Cal. Oct. 28, 2019) (resentencing claim pursuant to § 1170.95 presents question of state law not cognizable on federal habeas review).

    2.    CRJA

CRJA, which is codified under California Penal Code § 745, became effective on January 1, 2021. It prohibits state criminal convictions and sentences "on the basis of race, ethnicity, or nation al origin." Cal. Penal Code § 745(a). To prove a violation, a defendant must show, by a preponderance of the evidence, that a judge, attorney, law enforcement officer, expert witness, or juror: "exhibited bias or animus towards the defendant because of the defendant's race, ethnicity, or national origin;" "used racially discriminatory language;" charged the defendant with "more serious offense that defendants of other races, ethnicities, or national origin who commit similar offenses and are similarly situated;" or sentenced the defendant to a "longer or more severe sentence" "than was imposed on other similarly situated individuals convicted of the same offense, and longer or more severe sentences were more frequently imposed for that offense on people that share the defendant's race, ethnicity, or national origin than on defendants of other races, ethnicities, or national origins in the county where the sentence was imposed." Id. § 745(a)(1)-(4).

The Contra Costa County Superior Court denied petitioner's CRJA claim because petitioner provided only "conclusory statements regarding the presence or absence of physical evidence involved in the case" which he claimed showed "'systemic racial bias in charging and sentencing.'" In re Harris, Nos. 05-210427-1 & 05-210457-8, slip op. at 5, 6 (Cal. Super. Ct. Aug. 19, 2021) (ECF No. 1-2 at 45) (quoting Pet. At 4). The court explained,

> These conclusory statements do not create an inference that someone involved in investigating or trying his case were motivated by racial animus. Nor do these allegations establish some statistical basis for a challenge to the charging decision or sentencing. In fact, the history of the case recounted in the opinion of the [California] Court of Appeal demonstrates that the trial court in the case actually overruled the jury's initial decision that the death penalty be imposed.

Id. at 6.

Petitioner's claim that the California state courts' denial of his petition for relief under CRJA somehow violated his federal rights is without merit. Petitioner has set forth no evidence

that the state courts' rejection of his CRJA claim was error and that the error was "so arbitrary or capricious as to constitute an independent due process [violation]." Richmond, 506 U.S. at 50. Nor can he. CRJA "applies only prospectively in cases in which judgment has not been entered prior to January 1, 2021." Cal. Penal Code § 745(j). Petitioner is not entitled to federal habeas relief on his challenge to the state courts' denial of his petition for relief under CRJA. Accord Wynn v. Foulk, No. 20-cv-0181-SI, 2021 WL 6135325, at *4 (N.D. Cal. Dec. 29, 2021) (finding claim for relief under CRJA not cognizable in federal habeas under § 2254).

## CONCLUSION

For the foregoing reasons, the petition for a writ of habeas corpus is DISMISSED. And pursuant to Rule 11 of the Rules Governing Section 2254 Cases, a certificate of appealability (COA) under 28 U.S.C. § 2253(c) is DENIED because it cannot be said that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

But based solely on petitioner's affidavit of poverty, his application for leave to proceed IFP (ECF No. 2) is GRANTED.

**IT IS SO ORDERED**.

Dated: April 11, 2022

_____
CHARLES R. BREYER
United States District Judge